**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DONNA FILON,

        Plaintiff,

-vs-                                         Case No.  8:04-cv-1495-T-24MAP

SEAFARERS HEALTH AND BENEFITS
PLAN,

        Defendant.
_____

## ORDER

This cause comes before the Court on Defendant's Motion for Summary Judgment (Doc. No. 18).  Plaintiff has not filed a response in opposition, and as such, the Court considers the motion to be unopposed.

**I.**      **Procedural Background**

On or about May 5, 2004, Plaintiff filed a two count complaint in state court alleging breach of contract for prescription and healthcare benefits (Count I) and fraud in the inducement (Count II)(Doc. No. 2).  On June 18, 2004, Defendant filed a timely Notice of Removal for this case, pursuant to 28 U.S.C. §1441 (Doc. No. 1).  In its Notice of Removal, Defendant contends that this case involves an action for relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA") and that this Court has original jurisdiction over such action pursuant to 29 U.S.C. §1132(f).   Defendant now moves for summary judgment.

## II.     Factual Background

Defendant, Seafarers Health and Benefits Plan ("the Plan") is an employee welfare plan governed by ERISA (Doc. No. 22, ¶¶1 and 6). The Plan provides, through self funding, medical and other benefits to participants and their dependants or beneficiaries (Doc. No. 21, DiPrisco Aff., ¶4 and Doc. No. 22, ¶2). The Plan is a non-profit entity and all of its assets are held in trust and used for the payment of medical benefits and related administrative costs (Doc. No. 21, DiPrisco Aff., Exhibit A thereto and Doc. No. 22, ¶6). At all times relevant to this case, Plaintiff's spouse was covered by the Plan, and as such, Plaintiff was eligible for benefits from the Plan as a Plan dependent (Doc. No. 20, Benoit Aff., ¶5 and Doc. No. 22, ¶¶3 and 13).

The Plan is governed by a Board of Trustees in accordance with the Plan Rules and Regulations (Doc. No. 21, DiPrisco Aff., ¶9 and Doc. No. 22, ¶14). The Plan Trustees are empowered to establish Plan benefits, including benefit levels, benefit limitations and benefit exclusions (Doc. No. 21, DiPrisco Aff., ¶¶4 and 6). Specifically, the Plan's Agreement and Declaration of Trust provides that "[t]he Trustees are authorized to determine the nature of, and eligibility for benefits, and to adopt Regulations for the provision of said benefits" (Doc. No. 21, DiPrisco Aff., ¶6 and Exhibit A thereto and Doc. No. 22, ¶15). Moreover, "[t]he Trustees shall have the exclusive and absolute authority and sole discretion to adopt, implement and interpret Plan Rules and Regulations necessary to implement the policies of the Plan" (Doc. No. 21, DiPrisco Aff., ¶6 and Exhibit A thereto and Doc. No. 22, ¶15). Importantly, the Plan will not pay benefits for the treatment of any illness or injury if the illness or injury is caused directly or indirectly by one's own misconduct, negligence, alcohol or drug use (Doc. No. 21, DiPrisco Aff., ¶7 and Exhibit B thereto and Doc. No. 22, ¶¶18 and 23 - 24). Any claimant who is denied a

benefit is entitled to appeal the determination to the Board of Trustees for consideration and review (Doc. No. 21, DiPrisco Aff., ¶10 and Exhibit B thereto and Doc. No. 22, ¶20).

On May 25, 2003, Plaintiff was treated at Tampa General Hospital complaining of head and back pain. Medical records indicate that Plaintiff, a 60 year old woman, was dancing on her husband's shoulders and fell off, hitting her head and back (Doc. No. 20, Benoit Aff., ¶6 and Exhibits A and B[1] thereto and Doc. No. 22, ¶21). A toxicology study administered at the hospital showed Plaintiff's blood alcohol level was 111 mg/dl. This finding indicates that she was intoxicated at the time of the accident (Doc. No. 20, Benoit Aff., ¶6 and Exhibit A thereto and Doc. No. 22).

After a review of the hospital records by an auditor, the Plan determined that Plaintiff's injuries were caused by her own misconduct and/or alcohol use (Doc. No. 20, Benoit Aff., ¶7 and Doc. No. 22, ¶25). For these reasons, Plaintiff's medical claims were denied (Doc. No. 20, Benoit Aff., ¶¶7 - 11 and Doc. No. 22, ¶25). Plaintiff received written notice of the denial of benefits (Doc. No. 20, Benoit Aff., ¶¶ 7 - 11 and Doc. No. 22, ¶26). Plaintiff was informed of her right to file an appeal of her denial of benefits to the Board of Trustees (Doc. No. 20, Benoit Aff., ¶11 and Doc. No. 22, ¶27). Plaintiff did not appeal the Plan's denial of benefits to the Board of Trustees (Doc. No. 20, Benoit Aff., ¶ 12, Doc. No. 21, DiPrisco Aff., ¶12 and Doc. No. 22, ¶27).

### III.     **Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to

---

[1]The Court notes that although Benoit's Affidavit (Doc. No. 20) references "pertinent hospital records from Tampa General Hospital," the only records attached as exhibits were the toxicology study (Exhibit A) and ER Patient Care Nursing Record - PG 1 (Exhibit B).

interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. Id. at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. See id. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). The Eleventh Circuit has explained the reasonableness standard:

> In deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

### IV.     Discussion[2]

The Defendant asserts that it is entitled to summary judgment because Plaintiff failed to exhaust her administrative remedies and its decision to deny Plaintiff's medical claims was reasonable in view of the Plan document and medical records. Upon review of the record and the pleadings, the Court finds that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law.[3]

### A.     Plaintiff's Failure to Exhaust Administrative Remedies

Defendant first contends that Plaintiff failed to exhaust her administrative remedies by

---

[2]To the extent Plaintiff is alleging a state law claim for breach of contract, that claim is preempted by ERISA. See 29 U.S.C. §1144(a); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

[3]As stated in paragraph 7(a) of the Case Management Scheduling Order: "Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion . . .." Plaintiff has not responded to the motion, and as such, the Court considers the motion to be unopposed. Nonetheless, the Court will address the merits of Defendant's motion.

failing to timely appeal the Plan's denial of benefits to the Board of Trustees, and therefore, summary judgment should be granted in its favor. "[P]laintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." Counts v. American General Life and Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997)(citations omitted).[4] The exhaustion requirement applies to both claims for benefits and to statutory violations. See Springer v. Wal-Mart Associate's Group Health Plan, 908 F.2d 897, 899 (11th Cir. 1990)(citations omitted); see also Mason v. Continental Group, Inc., 763 F.2d 1219 (11th Cir. 1985), cert. denied, 474 U.S. 1087 (1986). It is undisputed that Plaintiff failed to timely appeal the Plan's denial of benefits to the Board of Trustees. Therefore, Defendant is entitled to summary judgment on all of Plaintiff's claims. See Merritt v. Confederation Life Insurance Co., 881 F.2d 1034, 1035 (11th Cir. 1989)(citation omitted).

**B.     The Decision to Deny Plaintiff's Claims**

Even if Plaintiff had exhausted her administrative remedies, the Defendant would still be entitled to summary judgment because Defendant's decision to deny Plaintiff's claims was not wrong. There are three standards of review in ERISA actions: (1) *de novo*, applicable where the administrator is not afforded discretion, (2) arbitrary and capricious, applicable where the plan grants the administrator discretion to determine eligibility or construe the terms of the plan, and

---

[4]There are exceptions to the exhaustion requirement, such as "when resort to administrative remedies would be futile or the remedy inadequate." Counts, 111 F.3d at 108 (citation omitted). Another example would be if the "claimant is denied 'meaningful access' to the administrative review scheme in place." Perrino v. Southern Bell Telephone & Telegraph, 209 F.3d 1309, 1315 (11th Cir. 2000)(quoting Curry v. Contract Fabricators Incorporated Profit Sharing Plan, 891 F.2d 842, 846-47 (11th Cir. 1990)). However, since Plaintiff has failed to respond to the motion for summary judgment, the Court has no basis for finding that any of the exceptions apply.

(3) heightened arbitrary and capricious, applicable where the plan grants the administrator discretion and there is a conflict of interest.  See Paramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1449 (11th Cir. 1997); see also HCA Health Svcs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001)(citation omitted).  Here the Plan's Agreement and Declaration of Trust expressly grants the Plan Trustees discretion to determine eligibility and construe the terms of the Plan.  There is no evidence that the Plan Trustees operate under a potential conflict of interest, since the Plan is a non-profit entity, the Plan is self funded, and all of its funds are designated for payment of benefits and related administrative costs.  See Adams v. Thiokol Corp., 231 F.3d 837, 843 (11th Cir. 2000); see also Williams v. BellSouth Telecommunications, Inc., 373 F.3d 1132, 1135 (11th Cir. 2004).  Therefore, the proper standard of review is arbitrary and capricious.

  Having determined the appropriate standard of review, the Court must next evaluate Defendant's decision and determine whether it is "wrong."  See HCA Health Services, 240 F.3d at 993.  A decision is "wrong" if, after reviewing the administrative record that was before the claims administrator at the time that the decision was made, the Court disagrees with Defendant's decision.  See id. at 993 n.23; see also Williams, 373 F.3d at 1138.  In the present case, it is clear that Defendant's decision was not "wrong."  The Plan's limitations and exclusions regarding illness or injury which are caused directly or indirectly by one's own misconduct, negligence, alcohol or drug use are clear and unambiguous.  The Court finds that the Plan's denial of Plaintiff's claims is consistent with the Plan's limitations and exclusions and based upon facts in the relevant medical records, namely that Plaintiff was intoxicated and dancing on her husband's shoulders.  Therefore, Defendant is entitled to summary judgment on

all of Plaintiff's claims.

### **V.**     **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment (Doc. No. 18) is **GRANTED**. The Clerk is directed to enter judgment in Defendant's favor and **CLOSE** the case.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of May, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record